IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-HC-2074-FL

| | |
|---|---|
| SIDNEY EVANS, III, | ) |
| Petitioner, | ) |
| v. | ) |
| | ) ORDER |
| BRAD PERRITT, | ) |
| Respondent. | ) |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter came before the court on respondent's motion for summary judgment (DE 5) pursuant to Federal Rule of Civil Procedure 56(a). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On April 25, 2011, petitioner was convicted, following a jury trial in the Wake County Superior Court, of attempted larceny from a merchant and pleaded guilty to having achieved habitual felon status. State v. Evans, No. COA12-224, 2012 WL 4510876, at *1 (N.C. App. 2012). Petitioner was sentenced to a term of 120-153 months imprisonment. Id. Petitioner then filed an appeal to the North Carolina Court of Appeals, which thereafter entered an order dismissing in part and finding no error in part as to petitioner's conviction. Id. at *6.

On August 7, 2013, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Wake County Superior Court. (Pet. Attach. p. 87-99.) The superior court denied petitioner's MAR on September 30, 2013. (Id. p. 103.) On December 10, 2013, petitioner filed a *pro se* petition for

a writ of certiorari in the North Carolina Court of Appeals, which was denied on December 19, 2013. (Id. pp. 106.) Petitioner, additionally, filed numerous *pro se* motions and/or petitions, in various state courts, including a motion for injunction, a petition for a writ of mandamus, a motion for a declaratory judgment, and motions seeking copies of various documents. (Id. Attach.) These motions and/or petitions were denied. (Id.)

On April 21, 2014, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleged the following: (1) the trial court was without subject matter jurisdiction to prosecute him as a habitual felon because the second prior conviction set out in the habitual felon indictment, which charged possession of heroin, was invalid because it was based on a rubber stamp bill of information instead of a valid bill of information written on a form issued by the Administrative Office of the Courts ("AOC"); (2) there was a fatal variance between the indictment and proof of the felony larceny from a merchant; and (3) he was denied effective assistance of trial and appellate counsel. Respondent subsequently filed a motion for summary judgment, which was fully briefed.

## STATEMENT OF FACTS

The facts as summarized by the North Carolina Court of Appeals are as follows:

> On 10 January 2010, Tanisha Robinson (Robinson), a loss prevention officer at Macy's Department Store (Macy's), was monitoring the store using the cameras on the closed circuit television system. She noticed a man in the bedding department and recognized him from a previous encounter in the store. She could not see everything the man was doing because of the angle of the cameras. Robinson decided to personally investigate. She checked the parking lot for getaway cars, locked one set of doors at the exit closest to the bedding department, and waited near the exit for the man to attempt to leave the store.

2

> Sidney Evans III (defendant) walked past Robinson to the exit, waited, and then returned to the bedding section. A few minutes later, he returned to the exit, where Robinson was waiting, carrying two comforters. He tried to leave through the door that Robinson had locked. When Robinson approached him, he pushed her, dropped the comforters, and ran to the parking lot. Robinson saw him get into a dark blue Ford Taurus. Robinson returned to the loss prevention office and called the police to report the incident.
>
> Comforters were frequently stolen from the Macy's store so it was a store policy to put antishoplifting devices (security tags) on all the comforters worth more than one hundred dollars. The two comforters that defendant dropped before he ran from the store did not have antishoplifting devices attached to them. With the use of a special tool, the antishoplifting devices could be removed. After recovering the two comforters, Robinson found two unattached security tags at the back of a shelf in the domestics department. She did not observe defendant remove the security tags from the comforters. The non-attached tags were on the shelf below the one from which defendant had taken the comforters. All of the other comforters had security tags.

Evans, 2012 WL 4510876, at *1.

## DISCUSSION

A. Motion for Summary Judgment

    1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

3

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407; see White v. Woodall, 134 S. Ct. 1697, 1702–07 (2014); Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam). A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the

4

> [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

    2.    Analysis

        a.    Challenge to Habitual Felon Conviction

In his first claim, petitioner asserts that the trial court lacked subject matter jurisdiction to prosecute him as a habitual felon. Specifically, petitioner contends that the second prior conviction set forth in his habitual felon indictment, which charged possession of heroin, was based on a rubber stamp bill of information instead of a valid bill of information written on a form issued by the Administrative Office of the Courts. Petitioner raised this issue in his MAR, and the MAR court summarily denied this claim.

Generally, variances and other deficiencies in state court indictments are not a basis for federal habeas relief unless the deficiency makes the trial so unfair as to amount to a deprivation of the defendant's right to due process. Ashford v. Edwards, 780 F.2d 405, 407 (1985) ("Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process."). Petitioner has provided no evidence of any deficiency in the indictment making the trial so unfair as to amount to a deprivation of due process. Rather, the record reflects that the bill of indictment was sufficient to give petitioner notice of the charges against him so that he could prepare a defense. In addition, petitioner has waived the present claims for relief following entry of his guilt plea to having achieved habitual felon status. See Tollett v.

5

Henderson, 411 U.S. 258, 267 (1973) (finding that nonjurisdictional claims, such as a claim regarding the application of the habitual felon sentencing enhancement, are not cognizable on federal habeas review following the entry of petitioner's valid guilty plea).

Thus, the trial court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent's motion for summary judgment is GRANTED for this claim.

### b. Challenge to the Sufficiency of the Evidence

In his second claim, petitioner alleges that there was insufficient evidence to convict him of felony attempted larceny from a merchant because there was no evidence that the two detached anti-shoplifting devices were ever attached to the property at issue or that petitioner removed the devices from the property prior to attempting to remove the property from the store. Petitioner raised this claim in the court of appeals, and the court of appeals denied the claim on the merits reasoning as follows:

> "The essential elements of attempted larceny are (1) an intent to take and carry away the property of another; (2) without the owner's consent; (3) with the intent to deprive the owner of his or her property permanently; (4) an overt act done for the purpose of completing the larceny, going beyond mere preparation; and (5) falling short of the completed offense." State v. Weaver, 123 N.C. App. 276, 287, 473 S.E.2d 362, 369 (1996). In the instant case, the State was required to prove the elements of attempted larceny, together with one of the four elements set forth in N.C. Gen. Stat. § 14–72.11. Under the facts of this case, the applicable element is found in N.C. Gen. Stat. § 14–72.11(2).
>
> > A person is guilty of a Class H felony if the person commits larceny against

6

Case 5:14-hc-02074-FL   Document 11   Filed 08/12/15   Page 6 of 10

> a merchant under any of the following circumstances ...
>
> (2) By removing, destroying, or deactivating a component of an antishoplifting or inventory control device to prevent the activation of any antishoplifting or inventory control device.

N.C. Gen. Stat. § 14–72.11(2) (2011).

On appeal, defendant argues that the State's evidence amounted to nothing more than a "strong suspicion" and "conjecture" that defendant removed the antishoplifting device from the comforters. We note that the State can prove its case by presenting either direct or circumstantial evidence. State v. Adcock, 310 N.C. 1, 36, 310 S.E.2d 587, 607 (1984). "[C]ircumstantial evidence is proof of a claim of facts and circumstances indicating the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence." Adcock, 310 N.C. at 36, 310 S.E.2d at 607–08.

In the instant case, the State presented circumstantial evidence, pertaining to the guilt of the defendant, as follows (1) Robinson observed defendant in the domestics department among the comforters; (2) Robinson observed defendant attempting to leave the store with two comforters; (3) Robinson observed defendant dropping the two comforters before running from the store and getting into a vehicle in the parking lot; (4) all of the other comforters had antishoplifting devices attached to them; (5) Robinson found two unattached antishoplifting devices among the comforters; (6) it was store policy for all of the comforters worth more than one hundred dollars to have antishoplifting tags attached to them because they were high risk items; and (7) if merchandise with an antishoplifting device still attached to it was taken from the store, it would set off an alarm.

Comforters were a "high risk" item, meaning they were frequently stolen, so it was policy to place antishoplifting devices (security tags) on all the comforters worth more than a hundred dollars. The two comforters at issue in this case were worth a combined $650.00.

7

> Based upon the above evidence, the State presented sufficient circumstantial evidence from which a reasonable person could conclude that defendant removed the security tags from the comforters while in the domestics department and then attempted to remove the comforters from the store.
>
> Viewing this evidence in the light most favorable to the State, the State presented sufficient evidence that the defendant attempted to steal the comforters, and removed "a component of an antishoplifting or inventory control device." N.C. Gen. Stat. § 14–72.11(2). The trial court properly denied defendant's motion to dismiss.

Evans, 2012 WL 4510876, at *2-3.

The standard of review for claims of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277, 284 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979). Petitioner's sufficiency of the evidence challenge focuses on the jury's determination that petitioner removed the antishoplifting device from the comforters. As determined by the court of appeals, the record reflects that the State presented sufficient circumstantial evidence for the jury to find that petitioner attempted to steal the comforters, and removed a component of an antishoplifting or inventory control device. See Evans, 2012 WL 4510876, at *2-3. As a result, the evidence presented at trial was sufficient for a rational trier of fact to find the essential elements of felony possession of stolen property beyond a reasonable doubt.

To the extent petitioner argues that there is a "fatal variance" between the indictment and the evidence presented at trial, this claim too is meritless. As stated, the evidence presented at trial was sufficient to show that the two anti-shoplifting devices were attached to the stolen comforters and that petitioner removed the devices before attempting to take the comforters out of the store.

8

Based upon the foregoing, court of appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the court of appeals' ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent is entitled to summary judgment for this claim.

        c.        Ineffective Assistance of Counsel

In his final claim, petitioner contends he received ineffective assistance of trial and appellate counsel because neither attorney raised his first or second grounds for relief set forth in this petition in the trial court or on appeal. In order to establish either ineffective assistance of trial or appellate counsel in violation of the Sixth Amendment to the United States Constitution, the petitioner must show that counsel's representation was objectively unreasonable and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). For the above-stated reasons, petitioner is unable to establish either prong of the ineffective assistance of counsel test. Thus, respondent is entitled to summary judgment for this claim.

B.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

9

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quotations omitted). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 5) is GRANTED. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 12th day of August, 2015.

LOUISE W. FLANAGAN
United States District Judge